NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1598
_____

UNITED STATES OF AMERICA

v.

SYED ZAIDI,

Appellant

_____

On Appeal from the United States District Court
For the District of New Jersey
(D.C. Criminal Action No. 2-10-cr-00409-001)
District Judge:  Honorable William J. Martini
_____

Submitted Under Third Circuit LAR 34.1(a)
January 27, 2012
_____

Before:  AMBRO, CHAGARES and HARDIMAN, Circuit Judges

(Opinion filed February 7, 2012)
_____

OPINION
_____

AMBRO, Circuit Judge

Syed Zaidi, pursuant to a negotiated plea agreement, pled guilty to:  (1) conspiring

to defraud the United States by submitting fraudulent immigration documents to the

Department of Homeland Security, Citizenship and Immigration Services (USCIS), in

violation of 18 U.S.C. § 371, and (2) encouraging and inducing an alien to enter and reside in the United States knowing that such entry or residence was in violation of law, in violation of 8 U.S.C. § 1324. The District Court sentenced him to 26 months' imprisonment. Zaidi appeals his conviction and sentence.

Zaidi's attorney moves to withdraw as counsel under *Anders v. California*, 386 U.S. 738 (1967), asserting that all potential grounds for appeal are frivolous. Zaidi has filed a *pro se* brief. We grant counsel's motion to withdraw and affirm Zaidi's conviction and sentence.[1]

## I.

Because we write solely for the parties, we recite only those facts necessary to our decision. A grand jury indicted Syed Zaidi and a codefendant for, among other things, preparing fraudulent immigration documents on behalf of alien applicants and submitting those documents to the USCIS in an effort to obtain legal residency for the applicants in the United States. Based on these fraudulent documents, the USCIS approved many applications that affected the various applicants' immigration status. The applicants on whose behalf the fraudulent documents were submitted paid Zaidi thousands of dollars for his services.

Zaidi pled guilty to the two charges noted above. His plea agreement with the Government contained a "waiver of appeal" provision that became effective if the sentence imposed was within or below the Guideline range that resulted from the agreed

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

total Guideline offense level of 16.  Zaidi's sentence of 26 months' imprisonment was consistent with the sentence contemplated by the parties in the plea agreement.  Zaidi nonetheless appeals.

## II.

Our rules provide that "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders*."  3d Cir. L.A.R. 109.2(a).  If we concur with trial counsel's assessment, we "will grant [the] *Anders* motion, and dispose of the appeal without appointing new counsel."  *Id.*  Accordingly, our "inquiry is . . . twofold:  (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues."  *United States v. Youla,* 241 F.3d 296, 300 (3d Cir. 2001).

In his *Anders* brief, Zaidi's attorney identifies two potential grounds for appeal: (1) whether Zaidi's plea was entered knowingly and voluntarily and otherwise in compliance with Federal Rule of Criminal Procedure 11, and (2) whether Zaidi's sentence was procedurally and substantively reasonable and imposed in compliance with Federal Rule of Criminal Procedure 32.  Our review of the record confirms counsel's assessment that there are no non-frivolous issues for appeal.

We review *de novo* the District Court's compliance with Federal Rule of Criminal Procedure 11.  *See United States v. Ebel*, 299 F.3d 187, 191 (3d Cir. 2002).  At the outset of the plea hearing, the Court ensured that Zaidi could hear and understand the proceedings.  He was placed under oath and indicated to the Court that his testimony

3

would be truthful.  The Court informed Zaidi of his right to plead not guilty and have a jury trial regarding the charges against him.  It also inquired to be assured that Zaidi understood his right to counsel.  In addition, he was informed of his right to testify, call witnesses and be protected from compelled self-incrimination.  Zaidi and counsel completed a "Rule 11 Form," which reviewed Zaidi's rights and included a discussion of Zaidi's right to cross-examine witnesses.  The Court questioned Zaidi regarding this document and ensured that Zaidi understood the document, completed it accurately, and signed it.  The Court, at various stages of the plea hearing, offered Zaidi the opportunity to ask questions.

The Court also questioned Zaidi at length regarding the two charges to which he was pleading guilty to ensure that Zaidi understood them.  It established that Zaidi understood the maximum possible penalty.  Additionally, the Court reviewed the terms of the plea agreement with Zaidi, and specifically the provision of that agreement wherein he agreed to waive his right to appeal or collaterally attack the sentence under certain circumstances.

Moreover, the Court engaged Zaidi in a colloquy to ensure that his guilty plea was voluntary and not the result of any force, threats, or promises not contained in the plea agreement.  Zaidi gave a factual basis for the plea that the Court approved.  Finally, it ascertained that Zaidi was aware of the implications a guilty plea would have on his immigration status.

In sum, it is clear that Zaidi "voluntarily and understandingly entered his

4

plea of guilty" and that the District Court otherwise complied with Rule 11. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). There are no non-frivolous issues to pursue on appeal with respect to the validity of the plea hearing.

We review *de novo* whether Zaidi's sentence complies with Federal Rule of Criminal Procedure 32. *See United States v. Furst*, 918 F.2d 400, 406 (3d Cir. 1990). Initially, the District Court inquired that Zaidi and counsel had read and reviewed the Presentence Report and made certain they were given the opportunity to comment on the report. Defense counsel was given the full opportunity to speak on Zaidi's behalf and read a letter from Zaidi pertaining to sentencing. Also, Zaidi was afforded the opportunity to address the Court regarding the sentence to be imposed. Finally, it advised Zaidi, after imposition of sentence, of his right to appeal. Thus, the District Court complied with the requirements of Federal Rule of Criminal Procedure 32.

We review Zaidi's sentence itself for procedural and substantive reasonableness. *See United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007). The District Court properly applied the three-step process that we outlined in *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). It initially calculated the Sentencing Guideline range to be 21 to 27 months. There was no objection to that range, as it was consistent with the range to which the parties stipulated in the plea agreement. As evidenced by the sentencing submissions of the parties, there were no departure motions to be ruled on by the Court. Finally, the Court exercised its discretion in considering the 18 U.S.C. § 3553(a) factors in imposing sentence. Thus, the sentence was procedurally and substantively reasonable. There are no non-frivolous issues to pursue on appeal with respect to Zaidi's sentencing

hearing or his sentence itself. Furthermore, the appellate waiver contained in the plea agreement precludes this appeal.

In his *pro se* brief, Zaidi identifies five issues he desires to raise on appeal. First, he alleges a claim of perjury and misrepresentation to the grand jury. Second, Zaidi argues that the witnesses against him are not credible. Third, he raises a newly discovered evidence claim. Ineffective assistance of counsel is his fourth claim. His fifth, and final, claim is actual innocence. None of these is an arguable issue for appeal.

Zaidi's guilty plea waives all non-jurisdictional errors leading up to his conviction, except those affecting the adequacy of the plea. *See United States v. Moussaoui*, 591 F.3d 263, 279-80 (4th Cir. 2010). Therefore, his claim of errors in the grand jury proceedings is not a basis for appeal.[2] Similarly, claims about witness credibility and newly discovered evidence are irrelevant because Zaidi has admitted his guilt.

A claim of ineffective assistance of counsel typically is not considered on direct appeal. *See United States v. Benish*, 5 F.3d 20, 25 (3d Cir. 1993). Zaidi's sworn statements made during his guilty plea hearing contradict his allegations of improper conduct by his trial counsel. Most or all of Zaidi's allegations would doubtless be contested at an evidentiary hearing. Therefore, the record is not sufficient to allow us to reach the merits of his ineffective-assistance-of-counsel claim.

---

[2] With this backdrop, Zaidi's *pro se* "Motion for Copy of Grand Jury Transcripts at the Government's Expense" is denied.

Finally, Zaidi's claim of "actual innocence," based on an allegation of mistaken identity, is incompatible with his numerous and detailed admissions under oath at the time of the entry of his guilty plea.

* * * * *

Counsel adequately fulfilled the requirements of *Anders*. Because our independent review of the record reveals no non-frivolous ground for appeal, we grant counsel's motion to withdraw and affirm Zaidi's judgment of conviction and sentence. In addition, we certify that that the issues presented by Zaidi and his counsel lack sufficient legal merit and that counsel is not required to file a petition for writ of *certiorari* with the Supreme Court. 3d Cir. L.A.R. 109.2(b).